## New York Common Pleas.

*General Term.*

Before DALY, Ch. J., and VAN BRUNT and VAN HOESEN, JJ.

The regulation of the Code, providing that if the last day within which an act is to be done falls on Sunday the act may be done on Monday, does not apply to the district courts, and where the last day to decide a cause falls on Sunday it must be decided the day before.

The general term of the court of common pleas have rendered a decision reversing a judgment ob-

Ready Roofing Co. *v.* Chamberlin.

tained before Mr. Justice CALLAHAN, of the first district court, in the case of the Ready Roofing Company of New York against one Chamberlin. The action was brought to recover the value of wine which the plaintiff claimed to have sold to the defendant. The defense was that he received the wine from one Ridgway, in payment of rent of rooms which were leased to Ridgway in defendant's house, supposing that Ridgway owned the wine, as he gave defendant to understand, and that defendant had settled with Ridgway on that basis and given him a receipt in full. It appears that Ridgway was all the time in the employ of the company. A further defense was that plaintiff, whose business was to put roofs on houses, had no license to sell liquors under the excise law of the State of New York, and had not paid the internal revenue tax to the United States, as the law requires; and also, that the justice had lost jurisdiction of the case at the time of rendering his decision.

The opinion of the general term is important as showing the regulation of the Code, providing that if the last day within which an act is to be done falls on Sunday, the act may be done on Monday, does not apply to the district courts, but the act in such case must be done on Saturday. The opinion is as follows:

"The justice rendered his judgment on the ninth day after the case was submitted to him for decision, the eighth day being Sunday. He lost jurisdiction, as under such circumstances his judgment should have been rendered on the seventh day, or Saturday (2 *Cowen Treat.* § 1552, and cases cited). The Code, section 407, does not apply. The limitation as to time in which the judgment is to be rendered is not enacted in the Code, but in the district court act. Judgment must be reversed."

*F. J. Mather*, for respondent.

*M. M. Budlong*, for appellant.

(*Daily Register*, Dec. 8, 1876.)